## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLENE BLAIR,<br><br>         Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.,<br>                    Defendants. | Civil Action No.: 2:17-cv-03683<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.    INTRODUCTION

This matter comes before the Court on the *pro se* complaint, (ECF No. 1 ("Compl.")), of

Carlene Blair ("Blair" or "Plaintiff") against numerous defendants involved in the origination,

servicing, and foreclosure of a mortgage secured against Blair's former home. Four groups of

defendants have moved to dismiss the complaint for lack of federal subject matter jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which

relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 6, 7, 13,

and 23). To date, Plaintiff has not submitted any opposition to these motions.

Pursuant to Federal Rule of Civil Procedure 78(b), the Court decides the motions without

oral argument. Having considered the parties' submissions, the Court GRANTS the defendants'

motions.

## II.    BACKGROUND

This action arises out of the foreclosure of Plaintiff's home at 133 Washington St., East

Orange, NJ 07017 (the "Property"). On December 15, 2006, Plaintiff received a loan secured

against the Property, with the lien held by defendant Mortgage Electronic Registration Systems,

Inc. ("MERS") as nominee for the originator, Accredited Home Lenders, Inc. ("Accredited"). (Compl. at 97).[1]

During September 2009, MERS assigned the mortgage to Defendant Bank of New York Melon ("BNYM"). This assignment was recorded with the Essex County registrar's office on September 17, 2009. (ECF No. 7-5 at 2).

At some point prior to March 2015, Blair defaulted on the loan by failing to pay required monthly payments, and on March 4, 2015, BNYM, the note holder, filed an action in the Superior Court of New Jersey, Chancery Division seeking possession of the Property (the "Foreclosure Action"). (ECF No. 7-6 at 7). On September 10, 2015, BNYM moved for entry of default, as Blair had failed to file an answer or otherwise defend. (ECF No. 7-7 at 2). On May 23, 2016, BNYM moved for entry of default judgment. (ECF No. 7-8 at 2). Final default judgment was entered for BNYM on June 29, 2016. (ECF No. 7-9 at 3). On March 7, 2017, Blair filed an emergency motion to dismiss BNYM's foreclosure complaint. (ECF No. 7-10 at 6). After adjourning a pending sheriff's sale so that the motion could be considered, the Superior Court denied the motion on April 20, 2017. (ECF No. 7-12 at 2).

Blair filed the instant complaint on May 23, 2017. In her complaint, Blair asserts that virtually all of the people and entities involved in the mortgage and foreclosure process conspired to perpetrate a fraud on the Superior Court and deprive her of her civil and property rights. Blair asserts that she owns the Property free of any mortgage and that the defendant banks, their lawyers

---

[1] On a motion to dismiss, the Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document falls into the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be 'based on that document.'" *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1426 (3d Cir. 1997)).

in the Foreclosure Action, and the Superior Court judges who handled the Foreclosure Action manufactured fraudulent documents and knowingly signed false affidavits in order to unlawfully deprive Blair of the Property through the mechanism of the Foreclosure Action. (Compl. ¶ 38). Blair also alleges that, through their participation in the Foreclosure Action, all of the defendants conspired to deprive her of her right to possess and hold real property in violation of various federal laws and international agreements.[2]  Additionally, Plaintiff brings common law claims for fraudulent concealment and breach of the covenant of good faith and fair dealing.

Plaintiff demands that BNYM be enjoined from evicting Plaintiff, that the Superior Court and other New Jersey officials be enjoined from enforcing the foreclosure judgment, and $50,000,000 in damages.

## III.    LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1).

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

---

[2] Throughout, Plaintiff refers to the Civil Rights Act of 1866.  Portions of that statute have been reenacted and survive as 42 U.S.C. §§ 1981-1985.  In keeping with the principle of liberal construction of pleadings written by *pro se* litigants, the Court interprets references to the Civil Rights Act of 1866 as referring to appropriate sections of Title 42.

### B. Liberal Pleading Standard for *Pro Se* Litigants

Pleadings drafted by *pro se* litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *David v. Camden Cty. Corr. Facility*, No. 16-7628, 2018 WL 1522709, at \*2 (D.N.J. Mar. 27, 2018) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). In particular, the need for liberal construction does not "require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Sheldrick v. Wells Fargo Bank, N.A.*, No. 16-2797, 2016 U.S. Dist. LEXIS 174143, at \*12 (D.N.J. Dec. 16, 2016) (quoting *Mala*, 704 F.3d at 245). "That is, '[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief.'" *Id.* (alteration in original) (citations omitted).

## IV.     DISCUSSION

### A. The *Rooker-Feldman* Doctrine

Defendants assert that the complaint should be dismissed because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes "lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts." *Parkview Assocs. Pshp. v. City of Leb.*, 225 F.3d 321, 325 (3d Cir. 2000) (quoting *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998)). Under the *Rooker-Feldman* doctrine, "the District Court lacks jurisdiction when: (1) the federal Plaintiff lost in state court; (2) Plaintiff complains of injuries caused by the state court judgment; (3) the judgment complained of was rendered before the federal suit was filed; and (4) Plaintiff invites the District Court to review and reject the judgment." *Dinardo v. City of Jersey City*, No. 11-4505, 2012 U.S. Dist. LEXIS 71012, at \*7 (D.N.J. May 21, 2012) (citations omitted).

"The Third Circuit has explained that '[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim,' or whether the newly raised claims are so inextricably intertwined that a 'favorable decision in federal court would require negating or reversing the state-court decision.'" *Ogbebor v. J.P. Morgan Chase, N.A.*, No. 16-3400, 2017 WL 449596, at *9 (D.N.J. Feb. 2, 2017) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010)). Third Circuit precedent makes clear that these prongs do not present formalistic rules that are violated only when the plaintiff explicitly and avowedly seeks to overturn a state court judgment; rather, "a court must examine the gravamen of the complaint to determine whether the 'claims are in essence an attack on the state court judgment of foreclosure.'" *Id.* at *10 (quoting *Gage v. Wells Fargo Bank, N.A.*, 521 F. App'x 49, 51 (3d Cir. 2013).

Beginning with the first and third prongs of the *Rooker-Feldman* analysis, this case was "brought by [a] state-court loser[]" concerning a "judgment[] rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 294 (2005). As detailed above, the Superior Court entered a final judgment of foreclosure against Blair on June 29, 2016, while Blair's complaint was not filed until May 23, 2017.

Turning next to the second and fourth prongs, courts in this Circuit have regularly held that both prongs were satisfied when mortgagors brought post-foreclosure claims challenging either: (1) the validity of their mortgages; or (2) the mortgagee's standing to foreclose. In *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009), the Court of Appeals upheld the dismissal of a federal claim for rescission of a mortgage post-foreclosure because the matter was "inextricably intertwined" with the state-court judgment. "[G]ranting rescission would amount to finding that no valid mortgage existed, which would negate the foreclosure judgment, as a mortgage foreclosure action depends

5

upon the existence of a valid mortgage." *Id.*; *see also In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005) (dismissing due process claims by a mortgagor attacking the legitimacy of a state-court foreclosure judgment).

The Third Circuit has also held that complaints which seemed, in some respects, to allege independent wrongdoing by the defendants separate from a state-court judgment were barred by *Rooker-Feldman* where the complaints made clear that they essentially sought review of a state-court judgment. For example, in *Gage v. Wells Fargo Bank, NA AS*, the Third Circuit held that there was no federal jurisdiction under *Rooker-Feldman* despite the claimant's argument that he was injured not by a final state foreclosure judgment, but rather by his mortgagee's fraudulent acts. 521 F. App'x at 51. In discerning that the claims were in essence an attack on the state-court judgment, the court considered both the general shape of the complaint and the nature of the relief sought:

> The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests—to have the deed to the property restored to him—makes it abundantly clear that he seeks to overturn the foreclosure judgment.

*Id.*

In keeping with *Gage*, many cases in this Circuit have dismissed claims similar to those now before the Court under the *Rooker-Feldman* doctrine. *See Fraize v. Gov't Nat'l Mortg. Ass'n*, No. 14-7152, 2016 WL 958392, at *5 (D.N.J. Mar. 14, 2016) (dismissing a post-foreclosure complaint alleging, among other things, that the mortgage was invalid, breaches of the covenant of good faith and fair dealing, fraudulent concealment, and that prosecuting the foreclosure action defied various federal statutes); *see also Duffy v. Wells Fargo Bank, N.A.*, No. 16-4453, 2017 WL 2364196, at *3 (D.N.J. May 31, 2017) (dismissing post-foreclosure claims that the mortgagee

engaged in fraudulent and deceptive practices in seeking a foreclosure action); *Cuevas v. Wells Fargo Bank, N.A.*, No. 14-6208, 2015 WL 5123746, at *1 (D.N.J. Sept. 1, 2015) (dismissing post-foreclosure claims for fraudulent concealment related to the securitization of a loan, breach of the covenant of good faith and fair dealing, and other claims), *aff'd*, 643 F. App'x 124 (3d Cir. 2016).

The Court finds that the "gravamen of the complaint" indicates that this lawsuit is essentially an attempt to attack and seek relief from the Superior Court's judgment granting foreclosure. Although the various counts of the complaint purport to plead causes under various statutes and international agreements, the only way in which Plaintiff alleges that her rights have been abridged is through the Foreclosure Action and the effect that it had on her ability to possess the Property. Indeed, that parcel is the only property mentioned in the complaint, and all of the alleged harm to Plaintiff results from her having been deprived of the Property. Throughout the complaint, Plaintiff attempts to cast doubt on the legitimacy of the mortgage and the foreclosure. She alleges variously that she never received the loan proceeds, (Compl. ¶ 37), that the assignment to BNYM was invalid, (*id.* ¶ 39), that she was induced by fraud to execute the mortgage, (*id.* ¶ 65), that she never really defaulted on the mortgage, (*id.* ¶¶ 64-77) (declaring that BNYM could not lawfully insist on being paid for the loan in United States dollars), that the documents filed in the Foreclosure Action were fraudulently created, (*id.* ¶ 38), or improperly notarized, (*id.* ¶ 39), and that various government and private parties involved in the Foreclosure Action acted improperly by ignoring what she believed to be the merits of her defense, (*id.* ¶ 7). In Plaintiff's words: "The core of the defendants' activity is the creation of fraudulent documents" including "the note, mortgage . . . the Complaint, false Notices of Foreclosure, the Corporate Assignments of Mortgage, false affidavits/certifications, fraud upon the court, misrepresentations to advance the aims of the conspiracy." (*Id.* ¶ 38).

As in *Gage*, the relief sought by Blair in this case further reveals its nature as an attempt to attack and seek relief from the earlier state-court foreclosure judgment. "*Rooker–Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." *Knapper*, 407 F.3d at 581 (quoting *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004)). Blair seeks both damages and an injunction to prevent BNYM from evicting her. (Compl. ¶ 63). Plaintiff further seeks to enjoin the Superior Court and other New Jersey officials from enforcing the foreclosure judgment. (*Id.* ¶ 52). Such requests for injunctive relief evince Plaintiff's intention of filing this lawsuit in an apparent attempt to undo the Superior Court judgment. This Court is without the authority to do so. *See Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005) (affirming dismissal of a post-foreclosure suit by mortgagor alleging fraud and seeking damages and rescission of the mortgage because the relief sought would undermine the state-court foreclosure judgment).

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over the complaint under the *Rooker-Feldman* doctrine. Therefore, the complaint must be dismissed.

## V. <u>CONCLUSION</u>

Accordingly, defendants' motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) are GRANTED and the complaint is DISMISSED with prejudice, but without prejudice as to Plaintiff's ability seek further relief before the state courts.[3] An appropriate Order accompanies this Opinion.

DATED:

                                **CLAIRE C. CECCHI, U.S.D.J.**

---

[3] For this reason, the Court need not consider defendants' remaining arguments in their motions to dismiss. Further, the Court need not consider the motion of defendants Phelen Hallinan Diamond & Jones, P.C., Lawrence T. Phelen, Rosemarie Diamond, Francis S. Hallinan, Jonathan Lobb, and John Anello to strike service returns.